FILED
JANUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Case 1:08-cv-00566   Document 6   Filed 01/25/2008   Page 1 of 3

YMJ

RECEIVED
JANUARY 25, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 566**

| | |
|---|---|
| TRUSTEES of the IRON WORKERS TRI-STATE WELFARE FUND, MID-AMERICA PENSION FUND, and MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY FUND  <br><br>Plaintiffs,  <br><br>v.  <br><br>ILLIANA INC. a/k/a ILLIANA FENCE, INC,  <br><br>Defendant. | CIVIL ACTION  <br><br>CASE NO. **JUDGE BUCKLO**  <br>**MAGISTRATE JUDGE ASHMAN** |

## COMPLAINT

Plaintiffs, TRUSTEES of the IRON WORKERS TRI-STATE WELFARE FUND, MID-AMERICA PENSION FUND, and MID-AMERICA SUPPLEMENTAL MONTHLY ANNUITY FUND, ("Trust Fund"), by its attorney, Daniel P. McAnally, complain of the Defendant ILLIANA INC. a/k/a ILLIANA FENCE, INC, and allege as follows:

1. This action arises under Section 502 of the Employee Retirement Income Security Act ("ERISA") and Section 301 of the Labor-Management Relations Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The Trust Fund receives contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the International Association of Bridge, Structural and Ornamental and Reinforcing Iron Workers ("Union"), and therefore are multi-employer plans. (29 U.S.C. §1002). The Trust Fund is administered in Lansing, Illinois and venue is proper in the Northern District of Illinois.

3. The Defendant is an employer engaged in an industry affecting commerce which entered into an Agreement whereby it agreed to be bound by the provisions of a Collective Bargaining Agreement with the Union and to any subsequent Collective Bargaining Agreements.

4. The Collective Bargaining Agreement also binds the Defendant to the provisions of the Agreements and Declarations of Trust which created the Trust Fund.

5. The Collective Bargaining Agreement and Trust Agreement requires the Defendant to submit monthly reports listing the hours worked by its iron worker employees ("monthly contribution reports") and to make concurrent payment of contributions to the Trust Fund based upon the hours worked by its iron worker employees

6. Pursuant to the provisions of the Trust Agreement and the Collective Bargaining Agreement, the Defendant is required to provide access to the records necessary for the Trust Fund to determine whether there has been full compliance with the obligation to contribute to the Trust Fund.

7. The Defendant breached the provisions of the Trust Agreement and the Collective Bargaining Agreement by failing to allow Plaintiffs to complete an audit of its books and records.

8. The Trust Fund has complied with all conditions precedent in bringing this suit.

9. The Trust Fund has been required to employ the undersigned attorney to compel the audit and to collect the monies that may be found to be due and owing from Defendant.

10. Defendant is obligated to pay the attorney fees, audit fees and court costs incurred by the Plaintiff pursuant to the trust agreement and 29 U.S.C. §1132(g)(2)(D).

11. Pursuant to 29 U.S.C. §1132(g)(2)(B), the Plaintiffs are entitled to interest on any monies that may be found to be due and owing from the Defendant.

12. Pursuant to 29 U.S.C. §1132(g)(2), Plaintiffs are entitled to an amount equal to the greater of:

(a) double interest on the unpaid contributions; or

(b) liquidated damages plus interest provided for under the Trust Agreement.

WHEREFORE, Plaintiffs pray:

1. That the Defendant be ordered to comply with an audit and pay any contributions shown to be owed.
2. That the Plaintiffs be permitted to estimate the contributions due should the Defendant fail to comply with the audit request.
2. That the Defendant be ordered to pay interest or liquidated damages on the amount that is due.
3. That the Defendant be ordered to pay the reasonable attorney fees, audit fees and costs incurred by the Plaintiffs.
4. That Plaintiff have such other and further relief as by the Court may be deemed just and equitable all at the Defendant's cost.

Respectfully Submitted,

IRON WORKERS TRI-STATE WELFARE FUND, et al.

By: s/ Daniel P. McAnally

Whitfield, McGann & Ketterman
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601
312/251-9700