IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES of the IRON WORKERS TRI-STATE WELFARE PLAN et al., ) ) ) Plaintiffs ) ) ) ) v. ) ) ILLIANA INC. a/k/a ILLIANA FENCE, INC. ) ) Defendant. ) | Case No. 08 C 566 Judge Bucklo |

## MOTION FOR DEFAULT JUDGMENT

Plaintiffs, by its attorney, Daniel P. McAnally, move this Honorable Court to enter Judgment by Default according to Fed. R. Civ. P. 55 for Defendant's failure to appear, answer or otherwise plead. Further, in support of this Motion the Plaintiffs state:

1. Plaintiffs filed their complaint on January 25, 2008 and the summons and complaint was served on Luigi Biancardi, officer on February 8, 2008 via the Process Server. **(Exhibit A, affidavit of service)**

2. The Defendant has failed to appear, answer or otherwise plead within the time allowed by the Fed. R. Civ. P.

3. At all times relevant to this action, the Defendant has been bound by the provisions of a Collective Bargaining Agreement and the Trust Agreements which created the Trust Funds. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreement, the Defendant is required to submit to an audit to verify the accuracy of the contributions submitted by the Defendant to the Trust Funds.

4. Pursuant to the provisions of the Collective Bargaining Agreements and Trust Agreements, the Defendant agreed to provide the Trust Funds with access to its books and records for the period November 2005 through January 2008 so that the accuracy of contributions to the Trust Funds could be verified, and agreed to pay the attorney and auditor fees and court costs incurred by the Trust Funds.

The Plaintiffs have sought an audit of the books and records of the Defendants, but the Defendants have failed to cooperate.

  5.  In particular, the Defendant failed to provide the following documents necessary for the completion of the audit:

1) Employer's Quarterly Tax Returns, IRS Form No. 941;
2) State Unemployment Compensation Form U.C. No. 3;
3) Payroll Journal; Cash Disbursement Journal; Cash Receipts Journal; Payroll Subsidiaries;
4) General ledger;
5) Invoices and job contracts of subcontractors and suppliers;
6) Time and job record cards;
7) Listing or schedule of subcontractors;
8) Check stubs and cancelled checks;
9) W-2 Wage Statements and all other payroll records;
10) Any other contribution reports involving employees filed with other Trust Funds;
11) IRS Forms 1099 and 1096;
12) Workers' Compensation Policies including any Workers' Compensation Audit Reports;
13) Construction loan data;
14) Waivers of Lien; and
15) Federal Income Tax Returns.

WHEREFORE, Plaintiffs respectfully pray that this Honorable Court enter an Order of Default directing the Defendant within 10 days to permit the Plaintiffs' auditors to inspect its books and records for the period November 2005 through January 2008. In addition, the Plaintiffs request that this Court retain jurisdiction to enter amounts owed at a later date after the audit is completed.

                        Respectively submitted,

                        s/ DANIEL P. McANALLY
                        Attorney for Plaintiffs

Whitfield McGann & Ketterman
111 E. Wacker Drive
Suite 2600
Chicago, IL 60601
312/251-9700

3